15-1048
Gumaneh v. Lynch

BIA
Christensen, IJ
A094 230 713

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of July, two thousand sixteen.

PRESENT:
        JOSÉ A. CABRANES,
        DEBRA ANN LIVINGSTON,
        SUSAN L. CARNEY,
            *Circuit Judges.*
_____

MUHAMED GUMANEH,
        *Petitioner,*

        v.                                    15-1048
                                              NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:            Thomas V. Massucci, New York, N.Y.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy
                           Assistant Attorney General; Shelley
                           R. Goad, Assistant Director; Monica
                           Antoun, Trial Attorney, Office of
                           Immigration  Litigation,  United
                           States  Department  of  Justice,
                           Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Muhamed Gumaneh, a native and citizen of the Gambia, seeks review of a March 17, 2015, decision of the BIA, affirming a February 26, 2013, decision of an Immigration Judge ("IJ") denying Gumaneh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Muhamed Gumaneh,* No. A094 230 713 (B.I.A. Mar. 17, 2015), *aff'g* No. A094 230 713 (Immig. Ct. N.Y. City Feb. 26, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Gumaneh's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his

2

statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. As discussed below, substantial evidence supports the credibility determination.

The agency reasonably relied on the inconsistencies among Gumaneh's application, testimony, and supporting evidence about the date of his mother's death. *See Xiu Xia Lin*, 534 F.3d at 167. Gumaneh testified that his mother died in the late '90s; his corrected application provided the same. But his sister's birth certificate, dated 2001, was *signed* by his mother. When asked how his mother could have signed the birth certificate, if she had died years earlier, Gumaneh stated that the birth certificate was "wrong" and that he did not review it because it was mailed directly to his lawyer. The agency was not required to credit this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

The adverse credibility determination was further supported by the inconsistencies surrounding how Gumaneh learned of his father's family's threats. *See Xiu Xia Lin*, 534

3

F.3d at 163-64. Gumaneh testified that he never had contact with his father's family, after helping his sister escape female genital mutilation ("FGM"), and that he only learned of the threats through friends. But Gumaneh stated in his application that his father's family had threatened him directly. When asked how his family could have directly threatened him, if they had not been in contact, Gumaneh explained: "I'm not communicating with them. But, they'll call me. . . ." Although Gumaneh argues that his explanation was "plausible," "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." *Majidi*, 430 F.3d at 80.

The adverse credibility determination was also properly based on the inconsistencies in the record concerning when Gumaneh lived in Senegal. *See Xiu Xia Lin*, 534 F.3d at 163-64. Gumaneh initially testified that he moved to Senegal in 2000 and stayed for "two to three years," but later testified that he was living in Senegal in 2005 when he learned his sister was threatened with FGM. Gumaneh also stated in his application that he was living in Senegal when he first learned his sister had been threatened with FGM. When asked to explain, Gumaneh stated that he returned to Gambia and then went back to Senegal

4

and that he had omitted this information from his initial testimony because his lawyer didn't ask if he went back or not. The agency was not required to credit that explanation, *Majidi*, 430 F.3d at 80, and did not err in relying on these inconsistencies.

The agency also reasonably relied on Gumaneh's failure to corroborate. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Gumaneh contends that his testimony was credible and did not need to be rehabilitated. As discussed above, however, the agency had ample grounds for questioning his credibility. While Gumaneh does not explicitly challenge the agency's justifications for according his corroborating evidence minimal weight, the agency did not err in its treatment of this evidence. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight given corroborating evidence lies largely with discretion of agency); *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to accord little weight to a relative's letter).

In light of the foregoing inconsistencies and Gumaneh's lack of corroboration, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

The agency therefore did not err in denying asylum, withholding of removal, and CAT relief because all claims shared the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk